(48 Misc. Rep. 25)

### SEKLIR v. KRIZER et al.

(Supreme Court, Special Term, New York County. July, 1905.)

MECHANICS' LIENS—RENTED PREMISES—REPAIRS BY TENANT.

A sublease provided that the subtenant should take the premises as he found them and put and keep them in repair. The landlord was the owner of a leasehold which terminated shortly after the lease made to the subtenant. *Held*, that where the work done was of temporary character, and no consent of the landlord or his agent was shown, except that frequent visits were made by the agent, who had no further authority than the power to collect the rent, the persons who furnished the materials and did the labor acquired no lien on the landlord's interest.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Mechanics' Liens, § 80.]

Action by Gerson Seklir against Marcus Krizer and others to foreclose a mechanic's lien. Judgment for defendants.

Henry L. Maxson, for plaintiff.
Warren A. Mayou, for defendants Krizer.

McCALL, J. This is an action to foreclose a mechanic's lien upon the leasehold interest of the defendant Marcus Krizer of the premises No. 562 Seventh avenue, in the borough of Manhattan, city of New York, for painting, papering, and decorating the above-named building. The defendant's lease, which was for 21 years, terminates in 1909. On or about the 15th day of May, 1902, the defendant leased said premises to Peter J. Drotleff for the term of 5 years from the 1st day of May, 1902, at the yearly rental of $2,800 for the first year and $3,000 for each year thereafter; said premises to be occupied and used

as a restaurant, saloon, and hotel. The said lease, which was of the usual form, contained also the following clause:

"The party of the second part hereby agrees to take the said premises in the condition in which they are at the date of this lease, to put them and thereafter to keep them in repair."

Drotleff, upon the payment of one month's rent, immediately began to renovate the building. He entered into a contract with one Elizabeth Riesinger to paint, paper, and decorate the building on said premises. The work was begun and finished between May 20 and August 16, 1902, and the amount due for said work, labor, etc., was $508.68. Of this amount $50 was paid, leaving a balance of $458.68 unpaid. In October of that year Drotleff was dispossessed by Krizer for nonpayment of rent. On November 12th of the same year Elizabeth Riesinger filed a mechanic's lien against the defendant herein, which was on October 3, 1903, assigned by her to plaintiff herein. During the progress of the work, the premises were frequently visited by one Kempner, who was the agent of Krizer for the collection of rents. It is now sought to charge the defendant for this work, upon the contention that it was done "with the consent of the owner or of his agent, although the contract for the work was made with Drotleff, the tenant," and in support thereof plaintiff relies upon the case of National Wall Paper Co. v. Sire, 163 N. Y. 122, 57 N. E. 293. I do not think the facts in this case will permit of the application of the ruling made therein. In the case cited the defendant Sire was the owner of the fee, and there was no duty upon the lessee to make repairs, etc. Mr. Sire was in frequent attendance during the progress of the work, inspecting it, and was shown a sample of same before it was begun, and, besides, the work was of a permanent character and a benefit to the premises. In the case at bar the defendant is simply the owner of a leasehold, which will terminate shortly after the expiration of the lease made by him to Drotleff. The work done was of a temporary character, and by the terms of the lease the obligation to do was imposed upon and assumed by the lessee. The defendant Krizer was not in the city during the time of the making of the repairs, and did not see or know of the work done. As to the frequent visits of Kempner, it was not proven that his agency extended any further than the power of collecting rents, and hence his visits cannot be construed as amounting to consent on the part of defendant Krizer. Judgment, therefore, for defendant.

Judgment for defendant.